UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

cv 06 2911

-------------------------------------------------------------

ANDREW LESSEY,

                    Plaintiff,                               **COMPLAINT**

    -against-

THE CITY OF NEW YORK, P.O. "JOHN" MATTHEWS,    **JURY TRIAL DEMANDED**
P.O. DAVID VELEZ, and P.O.s JOHN and JANE DOE
#1-10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                  Defendants.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
JUN 0 9 2006
BROOKLYN DEARIE, J.

-----------------------------------------------------------X

GO. M.J.

       Plaintiff ANDREW LESSEY, by his attorney, ROSE M. WEBER, complaining of the

defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's

fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitutions of the State of New York and the United

States.

### JURISDICTION

    2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff ANDREW LESSEY is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. "JOHN" MATTHEWS, P.O. DAVID VELEZ, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On June 11, 2003, at approximately 9:45 p.m., plaintiff ANDREW LESSEY was lawfully present at the intersection of Merrick Boulevard and 220th Street, in the County of Queens, in the City and State of New York.

14.     At the aforesaid time and place, plaintiff ANDREW LESSEY was suddenly accosted by members of the New York City Police Department.

15.     Defendants kicked plaintiff ANDREW LESSEY, grabbed him by the neck, and threw him to the ground.

16.     As a result of this unprovoked assault, plaintiff ANDREW LESSEY sustained, *inter alia*, injuries to his neck and leg.

17.     Defendants tightly handcuffed plaintiff ANDREW LESSEY and placed him under arrest for rioting, despite defendants' knowledge that they lacked probable cause to do so.

18.     As a result of being handcuffed too tightly, plaintiff ANDREW LESSEY sustained injuries to his wrists.

19.     Plaintiff ANDREW LESSEY was then transported to the 105th Precinct of the New York City Police Department, in the County of Queens, New York, and from there to Queens Central Booking.

20.     From Queens Central Booking, plaintiff ANDREW LESSEY was brought back to the 105th Precinct, where he was interrogated about the whereabouts of a gun.

21.     Plaintiff ANDREW LESSEY was then transported back to Queens Central Booking.

22.     Plaintiff ANDREW LESSEY was held and detained in police custody for approximately twenty-four hours.

23.     Plaintiff ANDREW LESSEY's arrest was covered on television and was reported in local newspapers.

24.     In or about August of 2003, plaintiff ANDREW LESSEY accepted an Adjournment in Contemplation of Dismissal.

25.     As a result of the foregoing, plaintiff ANDREW LESSEY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, loss of liberty and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiff ANDREW LESSEY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     As a result of the aforesaid conduct by defendants, plaintiff ANDREW LESSEY was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34.     As a result of the foregoing, plaintiff ANDREW LESSEY's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants issued legal process to place plaintiff ANDREW LESSEY under arrest.

37.     Defendants arrested plaintiff ANDREW LESSEY in order to obtain a collateral objective outside the legitimate ends of the legal process.

38.     Defendants acted with intent to do harm to plaintiff ANDREW LESSEY without excuse or justification.

39.     As a result of the foregoing, plaintiff ANDREW LESSEY's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff ANDREW LESSEY's constitutional rights.

42.     As a result of the aforementioned conduct of defendants, plaintiff ANDREW LESSEY was subjected to excessive force and sustained physical injuries.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Each and every individual defendant had an affirmative duty to intervene on plaintiff ANDREW LESSEY's behalf to prevent the violation of her constitutional rights.

45.     The individual defendants failed to intervene on plaintiff ANDREW LESSEY's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

46.     As a result of the aforementioned conduct of the individual defendants, plaintiff ANDREW LESSEY's constitutional rights were violated and he was arrested and subjected to excessive force, and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants arrested and incarcerated plaintiff ANDREW LESSEY in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

49.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

50.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

51.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, wrongfully arresting and detaining individuals without probable cause, in an attempt to coerce them into providing information, and using excessive force on minority males while taking them into custody.

52.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Anwaar Muhammad City of New York,** United States District Court, Eastern District of New York, 04 CV 1044;

- **Chris Humphrey v. City of New York**, United States District Court, Southern District of New York, 02 Civ. 9937;

- **Quentin Boyd v. City of New York**, United States District Court, Eastern District of New York, 03 CV 3930.

53.      The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ANDREW LESSEY.

54.      The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ANDREW LESSEY as alleged herein.

55.      The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ANDREW LESSEY as alleged herein.

56.      As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ANDREW LESSEY was falsely arrested and subjected to excessive force.

57.      Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ANDREW LESSEY.

58.      Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ANDREW LESSEY's constitutional rights.

59.     All of the foregoing acts by defendants deprived plaintiff ANDREW LESSEY of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from seizure and arrest not based upon probable cause;

        C.     Not to have excessive force imposed upon him;

        D.     To be free from malicious abuse of process;

        E.     Not to have cruel and unusual punishment imposed upon him; and

        F.     To receive equal protection under the law.

60.     As a result of the foregoing, plaintiff ANDREW LESSEY is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ANDREW LESSEY demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
              June 9, 2006

                                  _Rose M. Weber_

                                  ROSE M. WEBER (RW 0515)
                                  225 Broadway, Suite 1608
                                  New York, NY 10007
                                  (212) 748-3355